IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAMMY LINN KLEMP,

                Plaintiff,

v.

KILILO KIJAKIAZI,
Acting Commission of the Social Security
Administration,

                Defendant.

OPINION and ORDER

21-cv-342-jdp

---

    Plaintiff Tammy Linn Klemp seeks judicial review of a final decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding that Klemp was not disabled within the meaning of the Social Security Act. Klemp contends that administrative law judge (ALJ) Manh H. Nguyen erred in two ways: (1) failing to adequately explain the restrictions in the residual functional capacity assessment (RFC); and (2) finding that Klemp could perform jobs that are inconsistent with her need to use a cane.

    The commissioner explained in her opposition brief why both arguments aren't persuasive. Klemp didn't reply, despite an opportunity to do so, suggesting that she is conceding that she can't prevail. *See Cincinnati Ins. Co. v. Eastern Atlantic Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (failure to respond to nonfrivolous argument in opposition brief "acquiesces" to the argument, and "[t]hat acquiescence operates as a waiver"). But even if Klemp didn't forfeit her arguments, the court concludes that she hasn't identified an error that requires a remand, so the court will affirm the commissioner's decision.

BACKGROUND

Klemp applied for disability insurance benefits alleging disability beginning in August 2017. R. 19.[1] In a December 2020 decision, the ALJ found that Klemp suffered from several severe impairments: spine disorder, diabetes mellitus II, degenerative joint disease of the right hip, status-post right knee arthroplasty, obstructive sleep apnea, and obesity. R. 21. Based on these impairments, the ALJ found that Klemp had the RFC to perform light work, with additional physical restrictions, including one requiring use of a cane for walking. R. 23.

During the administrative hearing, the ALJ asked the vocational expert whether a person with Klemp's limitations could perform a significant number of jobs in the national economy. R. 46. The expert answered that there are approximately 320,000 cashier jobs, 110,000 sorter jobs, and 30,000 packer jobs that are "basically seated" positions, so a person using a cane could perform them. *Id.* When the ALJ asked the expert whether her testimony was consistent with the Dictionary of Occupational Titles, the expert said that the Dictionary doesn't address postural changes, so she was relying on her professional experience and training. *Id.* Based on that testimony, the ALJ found that Klemp was not disabled because she could perform jobs that are available in significant numbers in the national economy. R. 26–27. The Appeals Council declined review. R. 1–6.

Klemp now appeals to this court. On appeal, the court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might

---

[1] Record cites are to the administrative transcript located at Dkt. 10.

accept as adequate to support a conclusion." *Id*. But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

ANALYSIS

The court's first task is to identify the issues that Klemp is raising on appeal. That wasn't as easy in this case as it usually is. The argument section of Klemp's brief includes only one main heading, which states:

> The ALJ erred in failing to clearly identify what the claimant's limitations are; the vocational testimony is, at best, unclear, actually supports a finding plaintiff disabled under one interpretation, and under another is plainly contrary to common sense and currently maintained data about how the jobs are performed.

Dkt. 13, at 3. The arguments that follow don't clearly flow from the heading, but the court understands Klemp to be making two arguments: (1) the ALJ failed to adequately explain Klemp's standing and walking limitations in the RFC; and (2) the ALJ should not have accepted the vocational expert's testimony because it was inconsistent with other sources of information. For the reasons that follow, the court rejects both contentions. If Klemp intended to raise any other arguments, she forfeited them by failing to articulate them clearly.

A.  Residual functional capacity

Klemp's first contention is that the ALJ failed "to clearly identify what the claimant's limitations are." Dkt. 13, at 3. Specifically, Klemp says that it isn't clear whether the ALJ intended to find that Klemp could stand and walk for six hours or some shorter amount of time. But the RFC isn't ambiguous on this point: it says that Klemp can perform light work, which includes the ability to stand and walk for six hours of an eight-hour workday. SSR 83-

3

10. And the RFC doesn't include any additional restrictions regarding the amount of time that Klemp can stand or walk.

Klemp's assertion that the RFC is unclear seems to be based on the vocational expert's finding that a person with Klemp's limitations could perform a subset of cashier, sorter, and packer jobs that are "basically seated." The court understands Klemp to contend that the expert's testimony makes it unclear whether the ALJ meant that Klemp can never stand or walk, can stand or walk for six hours, or something in between. But Klemp doesn't explain this argument. An otherwise clearly stated limitation in the RFC doesn't become ambiguous simply because the vocational expert identified jobs that don't require the claimant to perform at the maximum ability identified in the RFC.

Klemp includes one sentence in her brief that it is "internally inconsistent" to find that she can perform light work using a cane, but not find limitations for handling, fingering, or reaching. Dkt. 13, at 3. This seems to be related to an observation that Klemp makes in a different part of her brief that a person using a cane loses the use of one hand and arm. That's a fair point, and the commissioner doesn't respond to it. But any error is harmless because the ALJ relied on the vocational expert's testimony to find that Klemp could perform jobs that required minimal walking. So it simply doesn't matter whether the RFC should have included handling, fingering, or reaching limitations for activities that require significant walking.

Klemp points to the expert's testimony that there would be no jobs available for someone who needs a cane for walking *and* standing and who requires the ability to move back and forth between sitting and standing every 15 minutes, reasoning that the person would be unable to use one of their hands while standing. R. 47. But that testimony is irrelevant because the RFC states that Klemp needs a cane for walking, not standing, and the RFC doesn't include

4

a requirement for a sit/stand option. Klemp points to no evidence that the ALJ should have included either requirement in the RFC, so Klemp hasn't identified an error in the RFC.

## B. Vocational expert testimony

Klemp challenges the vocational expert's testimony that there are a significant number of jobs for cashiers, sorters, and packers that are "basically seated," so they are compatible with Klemp's cane restriction. Klemp says that the testimony is "contrary to the [Dictionary of Occupational Titles], common sense, and currently updated vocational information," which shows that the jobs can't be performed while seated. Dkt. 13, at 7.

The ALJ has an affirmative duty to resolve obvious conflicts between the expert's testimony and the Dictionary. *Surprise v. Saul*, 968 F.3d 658, 662 (7th Cir. 2020); *Overman v. Astrue*, 546 F.3d 456, 464 (7th Cir. 2008). But in the absence of such a conflict, the claimant forfeits arguments about the reliability of the expert's testimony by failing to raise the objection during the administrative hearing. *Brown v. Colvin*, 845 F.3d 247, 254 (7th Cir. 2016). Klemp hasn't shown an obvious conflict between the Dictionary and the vocational expert's testimony, and she doesn't say that her counsel raised any other objection at the administrative level, so any other alleged defect is waived.

Klemp says that the Dictionary job title that the ALJ cited for "cashier" (DOT 311.472-010) is actually for "fast-foods worker." She goes on to say that the job requirements in the Dictionary for a fast-foods worker make it clear that an employee can't perform the job seated. But the ALJ's citation to the fast-foods worker job was obviously a typographical error. The vocational expert cited DOT 211.462-010, which is for "cashier II." The description for that job includes responsibilities such as receiving payment from customers, making change, and operating a cash register, none of which are obviously inconsistent with a finding that many

5

such jobs can be performed with minimal standing or walking. The vocational expert testified that there are approximately 320,000 cashier jobs that someone with Klemp's limitations could perform, and that is more than enough jobs to render Klemp ineligible for disability benefits. *See Weatherbee v. Astrue*, 649 F.3d 565, 572 (7th Cir. 2011) (140,000 positions available nationally is "well above the threshold").[2] This makes it unnecessary to consider whether Klemp could perform the sorter and packer jobs.

Klemp also contends that the vocational expert's testimony is inconsistent with the Occupational Information Network, or O*NET for short, but the status of O*NET isn't clear in this circuit. In several decisions written by Judge Posner, the court of appeals has cited O*NET favorably, *see, e.g.*, *Dimmett v. Colvin*, 816 F.3d 486, 489–90 (7th Cir. 2016); *Alaura v. Colvin*, 797 F.3d 503, 507–08 (7th Cir. 2015), even while acknowledging that the Social Security Administration doesn't use that resource, *Dimmet*, 816 F.3d at 489. Other district courts have construed the Seventh Circuit's discussions of O*NET as dicta while noting that there are no Social Security regulations or rulings that require the ALJ or the vocational expert to check for conflicts with O*NET. *See Ragland v. Berryhill*, No. 17-C-0730, 2018 WL 1757656, at *11 (E.D. Wis. Apr. 12, 2018) (collecting cases). Regardless, Klemp doesn't point to any conflicts between the cashier II position and O*NET. Rather, his argument is about the fast-foods worker position. As already noted, that's not the correct job title.

Klemp hasn't identified any conflicts regarding the vocational expert's testimony about the availability of cashier jobs that Klemp can perform, so Klemp isn't entitled to a remand on this ground.

---

[2] Klemp doesn't challenge the vocational expert's method for determining the number of available jobs, so the court doesn't consider that issue.

ORDER

IT IS ORDERED that that the decision of the commissioner is AFFIRMED. The clerk of court is directed to enter judgment in favor of the commissioner and close this case.

Entered September 8, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge